**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BEATRICE CODIANNI-ROBLES | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:04-CV-1725(JCH) |
| | : | |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | August 29, 2005 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 9]**

The plaintiff, Beatrice Codianni-Robles, brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., seeking damages for injuries that she suffered as an inmate of the Federal Correctional Institute in Danbury, Connecticut ("FCI Danbury"). The government moves to dismiss the plaintiff's claim under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the court lacks jurisdiction under the FTCA as the plaintiff's injuries were work-related and thus covered by the exclusive jurisdiction of the Inmate Accident Compensation Act, 18 U.S.C. § 4126 ("IACA"). For the following reasons, the government's motion is DENIED.

**I. Background**

Codianni-Robles filed this action to recover for injuries that she suffered when she tripped and fell on a sidewalk at FCI Danbury in July 2002. According to Codianni-Robles, at around 5:00 p.m. on July 29, 2002, she was walking en route to a social gathering, and, planning, on her way, to discuss a work-related matter with another

1

inmate, Susan Greene, and someone at the Lieutenant's Office, when she tripped and fell "as a result of a dangerous and defective depression in the sidewalk area." Codianni-Robles Affidavit, ¶¶ 3, 7, 9 [Dkt. No. 19-2].  According to Codianni-Robles, she had completed a job assignment as a "yard clerk" earlier in the day, and Susan Greene was working as the yard clerk when her accident occurred.  Id., ¶ 7.  Codianni-Robles's complaint asserts a claim for negligence under the FTCA for injuries that she suffered to her right wrist and hand.  Complaint, ¶¶ 6, 9-10.  Codianni-Robles's complaint makes no mention of her being engaged in a work-related activity when the injury occurred.  Codianni-Robles argues that the accident was not "work-related" because she was not assigned to be working and was not "on the clock" at the time of her accident.

According to the defendant, the plaintiff's FTCA claim is barred because her injury is work-related, and, as such, the plaintiff may only seek compensation under the IACA.  See United States v. Demko, 385 U.S. 149, 152-154 (1966)(holding that the IACA is the exclusive remedy for a work-related injury suffered by a federal prisoner); Gomez v. Warden of Otisville Correctional Facility, No. 99-CIV-9954(AGS), 2000 WL 1480478, at *2 (Sept. 29, 2000)(finding FTCA claim barred for work-related injury). The government argues that the plaintiff "was walking to the Lieutenant's Office as part of her duties as a prison employee with the Correctional Service Department when she tripped and fell."  Memorandum in Support of Defendant's Motion to Dismiss, p. 1 [Dkt. No. 11-1].  In support of their motion, the government has submitted records that demonstrate that Codianni-Robles was assigned to work on July 29, 2002; the medical report by the physician assistant who treated Codianni-Robles's injuries that note that

2

they were "work-related" and an accompanying affidavit of the physician assistant that explains that this assessment was made based on information supplied by the plaintiff; and an affidavit by Jerry W. Cramer, an Activities Lieutenant at FCI Danbury.  Id., Exs. 1e, 1f [Dkt. Nos. 11-2, 11-3, 11-4].  Cramer's affidavit states that "FCI Danbury routinely assigned at least one inmate as an orderly during evening hours" and that "while I was the Activities Lieutenant during the summer of 2002, the Plaintiff was assigned as a Correctional Services orderly and worked during evening hours." Cramer Affidavit, ¶¶ 3-4 [Dkt. No. 11-4].  The affidavit does not indicate whether the Lieutenant was working on the evening of July 29, 2002 or whether the plaintiff was assigned to work that evening.  Prior to filing this action, Codianni-Robles filed a Request for Administrative Remedy in which she stated that the accident was work-related because of her "intention to communicate with Susan and the Lieutentant's Office about a work-related issue and because I lost time from work as the result of my injuries." Codianni-Robles Affidavit, ¶ 11.

## II.  Legal Standard

In assessing a motion to dismiss for lack of subject matter jurisdiction, a  court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id.(citing Norton v. Larney, 266 U.S. 511, 515 (1925)). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247,

253 (2d Cir.2000).  On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff carries

the burden of establishing that subject matter jurisdiction exists over the complaint. See

Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos

Litig., 14 F.3d 726, 730 (2d Cir.1993); Beacon Enterprises, Inc. v. Menzies, 715 F.2d

757, 762 (2d Cir.1983).

## III.  Discussion

There is no dispute between the parties as to whether the IAC provides the

exclusive remedy for work-related inmate injuries; the dispute between the parties is

whether Codianni-Robles's injuries are properly considered "work-related."  Under 18

U.S.C. § 4126, the IAC workers compensation system is the exclusive means of

compensation for injuries suffered by inmates "in any industry or in any work activity in

connection with the maintenance or operation of the institution in which the inmates are

confined." 18 U.S.C. § 4126(b)(4).  "Work-related injury" is defined by the relevant

Department of Justice regulations as "any injury . . . proximately caused by the actual

performance of the inmate's work assignment."  28 C.F.R. § 301.102.  Section 301.101

of Title 28 of the Code of Federal Regulations provides that inmate accident

compensation may be awarded to inmates for injuries "sustained while performing work

assignments in Federal Prison Industries, Inc., in institutional work assignments

involving the operation or maintenance of a federal correctional facility, or in approved

work assignments for other federal entities." 28 C.F.R. § 301.101(a).  Section 301.301

also provides that compensation "ordinarily includes only those injuries suffered during

the performance of an inmate's regular work assignment" and that "compensation shall

not be paid for injuries suffered away from the work location (e.g., while the claimant is

going to or leaving work, or going to or coming from lunch outside of the work station or area)."

These regulations make clear that "work-related" injuries are only those suffered by an inmate while actually performing a work assignment. The court cannot at the present time conclude, on the basis of the materials submitted by the government and the plaintiff, that the plaintiff was performing her regular work assignment at the time she was injured. The work records, and the Lieutenant's affidavit, are entirely consistent with Codianni-Robles's statement that she had finished her work assignment earlier in the day on July 29, 2002, and that a different inmate was assigned to work at the time of her accident. The statements made by the plaintiff to the physician's assistant and on her Request for Administrative Remedy are not conclusive as to whether the plaintiff's injuries were work-related under the governing regulations.[1] Accordingly, the defendant's motion to dismiss under Rule 12(b)(1) is DENIED.

For the foregoing reasons, the government has also not shown that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," and thus the defendant's motion under Rule 12(b)(6) is DENIED as well. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The government may renew a motion to dismiss for lack of subject matter jurisdiction if, as the record of the case develops through discovery, it becomes clear that Codianni-Robles's injuries were work-related under the relevant standards. See Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.1988)("Federal subject matter

---

[1]Furthermore, the government's evidence shows Codianni-Robles as walking to the Lieutenant's office, which activity is expressly excluded from IACA coverage.

jurisdiction may be raised at any time during litigation . . . .").

**IV.    CONCLUSION**

For the foregoing reasons, the defendants' Motion to Dismiss [Dkt. No. 9] is

DENIED.

**SO ORDERED.**

Dated this 29th day of August, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall_____
Janet C. Hall